UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KINN WEBER,

    Petitioner,

v.                                           Case No. 8:24-cv-132-WFJ-AEP

SECRETARY, DEPARTMENT OF
CORRECTIONS,

    Respondent.
_____/

## ORDER

Kinn Weber is a Florida prisoner serving a life sentence for capital sexual battery and lewd or lascivious molestation. He initiated this action by filing a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). Respondent moves to dismiss the petition as time barred. (Doc. 16). Although afforded the opportunity, (Doc. 12), Mr. Weber did not file a reply. After careful review, the Court concludes that the petition must be **DISMISSED as time barred**.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this proceeding. *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1364 (11th Cir. 2009). Under AEDPA, a federal habeas petitioner has a one-year period to file a § 2254 petition. This limitation period begins running on the later of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). It is tolled for the time that a "properly filed

application for State post-conviction or other collateral review" is pending in state court. 28 U.S.C. § 2244(d)(2).

Mr. Weber's convictions were affirmed on direct appeal on February 9, 2018. (Doc. 17-4, Ex. 5). The judgment became final ninety days later, when the time to petition the United States Supreme Court for a writ of certiorari expired. *Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002). The AEDPA limitation period began to run the next day—May 11, 2018.

After 147 days of untolled time, on October 5, 2018, Mr. Weber filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. (Doc. 17-5, Ex. 7, at 61). That filing stopped the AEDPA clock. The Rule 3.850 proceedings remained pending until March 20, 2023, when the mandate issued in the appeal from the denial of postconviction relief. (*Id.*, Ex. 10; *see also Nyland v. Moore*, 216 F.3d 1264, 1267 (11th Cir. 2000) (holding that a Rule 3.850 motion remains pending until the mandate issues)). The limitation period resumed the next day, leaving Mr. Weber 218 days—or until October 25, 2023—to file a federal habeas petition. He filed his § 2254 petition on January 5, 2024, over two months late. (Doc. 1 at 1). Therefore, this action is untimely.

In his petition, Mr. Weber claims that he is "100% innocent of the accusations brought against him[,] and the evidence weighs in favor of innocence rather than guilt." (*Id.* at 14). A petitioner may overcome the expiration of AEDPA's limitation period if he makes "a convincing showing of actual innocence." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). But "tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the

new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). "To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324.

Mr. Weber presents no evidence—let alone "new reliable evidence"—to support his claim of innocence. *Id.* Instead, he simply asserts that he is "innocent of any wrongdoing on the offenses brought against him." (Doc. 1 at 13). But the petition does not identify any new evidence showing that Mr. Weber is factually innocent of the charged offenses. Mr. Weber's "vague" and "conclusory" assertions are "insufficient to establish actual innocence." *Gelb v. Sec'y, Dep't of Corr.*, No. 8:20-cv-2574-CEH-SPF, 2023 WL 3158302, at *3 (M.D. Fla. Apr. 28, 2023); *see also Murray v. Sec'y, Dep't of Corr.*, No. 6:08-cv-284-MSS-GJK, 2009 WL 1941453, at *2 (M.D. Fla. July 7, 2009) ("Petitioner merely asserts that he is actually innocent of the crimes. This vague and conclusory allegation of innocence is insufficient to [establish actual innocence].").

Mr. Weber also contends that his attorney was ineffective during plea negotiations and the ensuing trial. (Doc. 1 at 14-15). To the extent that he seeks equitable tolling on this basis, the request lacks merit. A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing" of his § 2254 petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418

(2005)). But the "'extraordinary circumstances' standard . . . focuses on the circumstances surrounding the late filing of the habeas petition, rather than the circumstances surrounding the underlying conviction." *Helton v. Sec'y for Dep't of Corr.*, 259 F.3d 1310, 1314-15 (11th Cir. 2001). Mr. Weber does not explain how trial counsel's conduct contributed to his failure to file a timely § 2254 petition.

Accordingly, it is **ORDERED** that:

1. Mr. Weber's petition (Doc. 1) is **DISMISSED as time barred**.

2. The **CLERK** is directed to enter judgment against Mr. Weber and to **CLOSE** this case.

3. Mr. Weber is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's dismissal of his petition. 28 U.S.C. § 2253(c)(1). To obtain a certificate of appealability, Mr. Weber must show that reasonable jurists would debate both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because the petition is time barred, Mr. Weber cannot satisfy the second prong of the *Slack* test. And because Mr. Weber is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida, on August 15, 2024.

*[Signature]*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**